ROMER *v.* MIX *et al.*

(*Supreme Court, General Term, Second Department.*    February 11, 1891.)

NEGOTIABLE INSTRUMENTS—ACTIONS.

> Where the answer in an action on a promissory note alleges that the note was given in renewal of another note held by the payee, and that the old note was not delivered up, but there is no proof given that the first note was not paid by the renewal note, a judgment for plaintiff will be sustained.

Appeal from special term, Westchester county.

Action by William Romer against James C. Mix, as maker, and Reese Carpenter, as indorser, of a promissory note.    There was a judgment for plaintiff, and defendant Mix appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*E. A. Montfort,* for appellant.    *William Romer, pro se.*

BARNARD, P. J.    This action is brought to recover upon a note of $50, dated 22d April, 1890, and given to run two months, with interest.    The note was given to the defendant Carpenter, and by him transferred before maturity to the plaintiff for value, which was protested when it became due. The answer of defendant Mix admits the giving of the note; that it was given to renew another note for the same amount, but that the old note was not delivered up.    The answer further avers as a defense that the first note was one of a series given by Mix to one Hubbell, under an agreement as to a patent right, and that Hubbell cheated him (Mix) in the transaction, and that the defendant Carpenter knew of Hubbell's fraudulent representation in respect to the patent agreement.    When the case came to trial it appeared that the note was $49.75.    It appeared that it was given to renew another note held by Carpenter for $48.49.    There was no proof given that the first note was not paid thereby.    There is only an inference that it was not returned. That fact is stated in the answer, and the evidence is silent on the subject.

The evidence as to representation made by Carpenter to defendant Mix was properly rejected. The note and its consideration and delivery were admitted. The agreement between Mix and Hubbell was admitted, but there was no attempt to connect Carpenter with it, no proof that Hubbell made fraudulent representation, or that Carpenter knew of such representation being made. No defense was proven against Carpenter, if he had been the plaintiff. The plaintiff, Romer, proved that he paid the full face of the note before it matured in cash, and there was no contradiction made to this proof. The defense of want of consideration against Carpenter failed on the trial. The judgment should therefore be affirmed with costs. All concur.